UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEILA R.,

              Plaintiff,

      v.                                    **DECISION AND ORDER**
                                                20-CV-1243S

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

      1.      Plaintiff Keila R.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since September 1, 2016, due to mental and physical impairments. Plaintiff maintains that she is entitled to benefits because her impairments render her unable to work.

      2.      Plaintiff filed an application for supplemental security income on October 28, 2016. After denial at the agency level, Plaintiff proceeded to a hearing before ALJ Carl E. Stephan on May 14, 2019. At the time of the hearing, Plaintiff was 42 years old, with a 6th grade education, and had past relevant work as a home health aide. The ALJ considered the case *de novo* and, on August 13, 2019, issued a written decision denying Plaintiff's application for benefits. The Appeals Council thereafter denied Plaintiff's request for review on July 21, 2020.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3.      Plaintiff filed the current action on September 9, 2020, challenging the Commissioner's final decision.[2]  After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on March 3, 2022.  (Docket Nos. 12-16.)  The case was thereafter reassigned here on April 4, 2022, at which time this Court took the motions under advisement without oral argument.  (Docket No. 17.)  For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4.      A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted).  In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  42 U.S.C. § 1383 (c)(3).

5.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. § 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence.  See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does

---

[2] The ALJ's August 13, 2019 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

it determine whether the Commissioner's conclusions were supported by substantial evidence.")  In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).  Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

6.      As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act."  Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted).  "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations."  Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted).  This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."  Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7.      As it relates to the substantial-evidence inquiry, the standard is not high.  See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).  The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d

842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).   Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position.    See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).   This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8.      "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."   Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).   If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."   Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).   Similarly, where evidence is deemed susceptible to

more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9.    The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § 416.920. The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10.    The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11.     The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The fifth step is divided into two parts.   First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 1383 (c)(1)(A); 20 C.F.R. § 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12.     In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since October 28, 2016, the application date (R. at 47[3]); (2) Plaintiff's anxiety, depression, post-traumatic stress disorder, and asthma were severe impairments within the meaning of the Act (R. at 47-48); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 47-49); (4) Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with certain non-exertional limitations[4] (R. at 50-53); (5) Plaintiff is unable to perform her past relevant work as a home health aide (R. at 53-54); and, alternatively, (6) Plaintiff could perform jobs that exist in significant number in the national economy (R. at 54-55).   Accordingly, the ALJ

---

[3] Citations to the underlying administrative record are designated as "R."

[4] The non-exertional limitations consist of the following: "she must avoid concentrated respiratory irritants and exposure to extremes in temperature and humidity; she is able to perform simple and complex tasks involving occasional interaction with co-workers, supervisors, and the public; and she can adapt to occasional changes in the work setting."  (R. at 50.)

determined that Plaintiff was not under a disability as defined by the Act from October 28, 2016, through August 13, 2019, the date of the decision.  (R. at 46, 55.)

13.     Plaintiff lodges two challenges to the ALJ's decision.  First, she argues that the Appeals Council erred in failing to consider the records that she submitted on appeal. Second, she challenges the ALJ's consideration of the medical opinion evidence in formulating her RFC.  In response, the Commissioner argues that the ALJ's decision is supported by substantial evidence and free from legal error and should therefore be affirmed.  This Court agrees with the Commissioner.

14.     Plaintiff's first argument concerns her submission of new evidence to the Appeals Council.  She maintains that the Appeals Council erred in failing to consider the June 1, 2020 opinion of Nurse Practitioner Jessica Matott on the basis that it did not relate to the period at issue.  (R. at 2, 13-14.)  But given the posture here, the Appeals Council's determination need not be assessed.  "Once evidence is added to the record, the Appeals Council must then consider the entire record, including the new evidence, and review a case if the 'administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'"  Lesterhuis v. Colvin, 805 F.3d 83, 87 (2d Cir. 2015) (per curiam).  If the Appeals Council denies review, such as in this case, the ALJ's decision, not the Appeals Council's, is the final agency decision subject to further review, and the new evidence submitted to the Appeals Council becomes part of the administrative record on appeal.  See id.; Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996). Having considered the entire record, including the evidence Plaintiff submitted to the Appeals Council, this Court need not evaluate the Appeals Council's determinations for independent error.  See Catoe v. Berryhill, 17-CV-86V, 2019 WL 483319, at *7 (W.D.N.Y.

Feb. 7, 2019) ("Because the Appeals Council did not review the ALJ's decision, however, this Court does not review the determination of the Appeals Council.").

15.     Moreover, Plaintiff fails to establish persuasive grounds for this Court to remand this action to the Appeals Council for express consideration of Matott's opinion. Remand to the Commissioner for consideration of additional evidence is appropriate "only upon a showing that (1) the proffered evidence is new and not merely cumulative of what is already in the record; (2) the evidence is material, that is, both relevant and probative, such that there is a reasonable possibility that the new evidence would have influenced the agency to decide differently; and (3) there was good cause for the claimant's failure to present the evidence earlier." Ostrovsky v. Massanari, 83 F. App'x 354, 358 (2d Cir. 2003) (citing Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988)).  Here, Matott's opinion is not relevant because it does not pertain to Plaintiff's condition during the time period for which she sought benefits.  See Tirado, 842 F.2d at 597 (defining material evidence, in part, as "relevant to the claimant's condition during the time period for which benefits were denied").  Indeed, there is no indication that Matott's opinion, issued after the ALJ's decision, is retrospective in any way or based on any longitudinal relationship or review of Plaintiff's medical file.  Nor has Plaintiff persuasively established that consideration of Matott's opinion would have changed the ALJ's decision.   This argument is therefore rejected.

16.     Plaintiff's second argument is that her RFC is not supported by substantial evidence because the ALJ failed to properly assess the medical opinion evidence, including misapplying the treating-physician rule, and instead impermissibly based the RFC on a non-examining opinion.  RFC is "what an individual can still do despite his or

her limitations." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2). To properly determine RFC, the ALJ must assess all relevant medical and other evidence in the record. See 20 C.F.R. § 416.945 (a)(1). Such evidence includes, *inter alia*, objective medical evidence, medical opinions, medical history, clinical findings, and the claimant's own assessment of limitations. See 20 C.F.R. § 416.913 (a)(1)-(5); see also Josua S. v. Comm'r of Soc. Sec., 6:19-CV-1434 (ML), 2021 WL 105769, at *4 (N.D.N.Y. Jan. 11, 2021) ("In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations.") (collecting cases). All of this evidence must be considered in determining RFC, "not just . . . the medical opinions alone." Richard B. v. Comm'r of Soc. Sec., 1:19-CV-579 (WBC), 2021 WL 22504, at *5 (W.D.N.Y. Jan. 4, 2021) (citing Trepanier v. Comm'r of Soc. Sec. Admin., 752 F. App'x 75, 79 (2d Cir. 2018)).

17.     While the ALJ is precluded from substituting his or her own lay opinion for competent medical evidence, the ALJ is nonetheless entitled to weigh all of the evidence, resolve conflicts within it, and reach an RFC that is consistent with the record as a whole. See Quinn v. Colvin, 199 F. Supp. 3d 692, 712 (W.D.N.Y. 2016). And the ALJ's RFC determination need neither track nor correspond perfectly with any single medical opinion. Id. Finally, "[a]lthough the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on the Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity." Richard B., 2021 WL 22504, at *4.

18.     Here, the ALJ determined that Plaintiff could perform the full range of work at all exertional levels, with certain non-exertional limitations.  (R. at 50-53.)  Plaintiff first maintains that this determination is not supported by substantial evidence because the ALJ failed to apply the treating-physician rule to the opinion of her primary physician, Ellis Gomez, M.D.   For claims filed before March 27, 2017, such as this one, the treating-physician rule requires that an ALJ give controlling weight to a treating source's opinion on the issues of the nature and severity of a claimant's impairments, if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.[5]   See 20 C.F.R. § 416.927 (c)(2); Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004).  If the ALJ does not give controlling weight to a treating source's opinion, he or she must apply several factors to determine what weight to afford the opinion, which include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the degree to which the medical source supported his opinion; (4) the degree of consistency between the opinion and the record as a whole; (5) whether the opinion is given by a specialist; and (6) other evidence which may be brought to the attention of the ALJ.

Morrillo v. Apfel, 150 F. Supp. 2d 540, 545-46 (S.D.N.Y. 2001); see also Selian v. Astrue, 708 F.3d 409, 418 (2d Cir. 2018); 20 C.F.R. § 416.927 (c).

19.     But as this Court has previously recognized, an ALJ "does not have to explicitly walk through these factors, so long as the Court can 'conclude that the ALJ applied the substance of the treating physician rule . . . and provide[d] 'good reasons' for the weight [the ALJ] gives to the treating source's opinion.'"  Hall v. Colvin, 37 F. Supp.

---

[5] For claims filed on or after March 27, 2017, the Commissioner evaluates medical opinion evidence under 20 C.F.R. §§ 404.1520c, 416.920c.

3d 614, 625 (W.D.N.Y. 2014) (quoting <u>Halloran</u>, 362 F.3d at 32); <u>see</u> <u>Atwater v. Astrue</u>, 512 F. App'x 67, 70 (2d Cir. 2013) (explaining that the ALJ need not undertake a "slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear").  If the ALJ rejects the treating physician's opinion as controlling, he or she must have "good reasons" for doing so and must explain those reasons to the claimant.  20 C.F.R. § 416.927 (c)(2); <u>accord</u> <u>Schaal v. Apfel</u>, 134 F.3d 496, 503-04 (2d Cir. 1998).

20.     Dr. Gomez opined that Plaintiff could not work because (1) she could not be around people, (2) she suffered flash-backs due to her past trauma, and (3) she was irritable, had low energy, and poor concentration.  (R. at 1172.)  He also observed that Plaintiff could not leave her house most days "due to her fear."  (R. at 1664.)

21.     The ALJ did not assign Dr. Gomez's opinion any "meaningful weight."  (R. at 52.)  While he recognized Dr. Gomez as Plaintiff's treating physician, he discounted his opinion because he found it entirely inconsistent with the medical record.  <u>Id.</u>  In particular, the ALJ explained his findings that "[Dr. Gomez's] assessments are directly contradicted by the medical record, including claimant's own statements that her mental health symptoms are moderate; the fact that claimant frequently leaves her home to attend the medical appointments documented in the extensive record; and the fact that claimant has taken at least four trips outside of the continental United States during the relevant period."  (R. at 52.)

22.     Plaintiff maintains that the above are not "good reasons" for the ALJ to reject her treating physician's opinion.  She argues that she should not be faulted for attending medical appointments and that she only left the country to visit her ill mother.  But while

Plaintiff undoubtedly would have liked the ALJ to view the evidence more in her favor, for example by crediting her explanation for why she traveled outside of the country, it is nonetheless the ALJ's job to weigh and resolve the evidence.  Here, trips out of the home was just part of the ALJ's reason for discounting Dr. Gomez's opinion.  (R. at 52.)  He also found the opinion inconsistent with the record evidence, which he had previously canvassed, including that Plaintiff's mental health symptoms had been stabilized through a conservative course of treatment and that Plaintiff herself described her mental health symptoms as "moderate."  (R. at 51.)  In any event, the weighing and crediting of conflicting evidence is the province of the ALJ, not this Court.  See Krull v. Colvin, 669 F. App'x 31, 32 (2d Cir. 2016) (noting that the deferential standard of review prohibits a reweighing of the evidence); see also Richardson, 402 U.S. at 399 (finding that it is the ALJ's task to weigh and resolve conflicting evidence in the record).  Finding no error in the ALJ's treatment of Dr. Gomez's opinion, Plaintiff's argument is rejected.[6]

23.    Plaintiff next maintains that the ALJ improperly based the RFC entirely on the opinion of Dr. G. Kleinerman, a non-examining physician whose opinion was stale because it was rendered early in the relevant period.  This argument fails for several reasons.  First, it is not accurate to say that the ALJ's RFC determination is based exclusively on Dr. Kleinerman's opinion.  Rather, the decision reflects the ALJ's consideration of the objective medical evidence, medical opinions, medical history,

---

[6] Plaintiff also argues that the ALJ similarly failed to articulate sufficient reasons for giving "little weight" to the opinions of Nurse Practitioner Faye Taber and Social Worker Ana Lucia Shatah.  (R. at 52.)  But here again, Plaintiff's arguments essentially seek a reweighing of the record evidence in her favor.  This Court has reviewed the ALJ's discussion and treatment of the Taber and Shatah opinions and finds that his decision to afford those opinions little weight is sufficiently explained and supported by substantial evidence in the record.  Id.

clinical findings, and Plaintiff's own assessment of her limitations, as required.  See 20 C.F.R. § 416.913 (a)(1)-(5); see also Josua S., 2021 WL 105769, at *4.

24.    Second, "an ALJ is free to give great weight to the opinion of a non-examining medical expert as long as their opinions are supported by substantial evidence." Cruz v. Comm'r of Soc. Sec., No. 16-CV-965, 2018 WL 3628253, at *6 (W.D.N.Y. July 31, 2018); see also Frye ex rel. A.O. v. Astrue, 485 F. App'x 484, 487 (2d Cir. 2012) ("The report of a State agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical evidence in the record."); Hancock v. Barnhart, 308 F. App'x 520, 521 (2d Cir. 2009).   Here, Dr. Kleinerman is an acceptable medical source with program knowledge and is fully familiar with the social security rules and regulations.  He reviewed the record as developed at the time, and Plaintiff does not maintain that his findings are unsupported by substantial evidence.

25.    And finally, Dr. Kleinerman's opinion is not stale simply because it was rendered early in the relevant time period.  An opinion may be stale if it is based on an incomplete record or does not account for a claimant's deteriorating condition.  See Biro v. Comm'r of Soc. Sec., 335 F. Supp. 3d 464, 469-70 (W.D.N.Y. 2018).  But "a medical opinion is not necessarily stale simply based on its age." Id. at 470.  An older opinion may thus constitute substantial evidence if it is consistent with the record as a whole.  See id.; see also Andrews v. Berryhill, No. 17-CV-6368 (MAT), 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018) (finding that ALJ did not err by relying on older opinions where there was no evidence of significant deterioration in the plaintiff's condition).  Here, there is no argument that Dr. Kleinerman's opinion is unsupported by substantial evidence and no persuasive showing that subsequent objective medical

evidence rendered it unreliable due to a significant deterioration in Plaintiff's condition. This argument is therefore rejected.

26.     Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence.  It is therefore affirmed.  See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 15) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:       May 5, 2022
             Buffalo, New York

                                        s/WIlliam M. Skretny
                                     WILLIAM M. SKRETNY
                                     United States District Judge